STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. DOMINICK LEFANTE, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued October 20, 1952—Decided December 11, 1952.

512

Before Judges JAYNE, PROCTOR and SCHETTINO.

Mr. *William W. Wimmer* argued the cause for plaintiff-respondent (Mr. *Horace K. Roberson*, Prosecutor of the Pleas in and for the County of Hudson; *Mr. William A. O'Brien*, Assistant Prosecutor).

Mr. *Abraham J. Slurzberg* argued the cause for defendant-appellant (Mr. *J. Arnold Bressler*, attorney).

The opinion of the court was delivered by

SCHETTINO, J. S. C. (temporarily assigned). Defendant was convicted upon three indictments, each of which contained two counts, one purporting to charge carnal abuse of a child of the age of nine years in violation of *R. S.* 2:163–1 and the other an assault in violation of *R. S.* 2:110–2. The indictments are identical except for dates of the offenses.

The jury returned a verdict of guilty on all counts. Defendant was sentenced to State Prison for not less than seven nor more than ten years, and from the judgment prosecutes this appeal.

We think it necessary to consider only the challenge addressed to the sufficiency of the indictments.

*R. S.* 2:163–1 reads in part:

"Any person * * * who, being of the age of sixteen or over, shall unlawfully and carnally abuse a woman-child under the age of twelve years, with or without her consent, shall be guilty of a high misdemeanor, * * *."

The first count of each indictment fails to allege defendant's age. Defendant asserts that the age of the accused is an essential element of the crime and hence must be set forth in the indictment. The State contends that the statute merely raises the common law age of criminal capacity with respect to this offense and hence is merely a matter of defense.

Conflicting conclusions have been reached in other jurisdictions. 75 *C. J. S., Rape, sec.* 37, *p.* 499; 52 *C. J., Rape, sec.* 53, *p.* 1039. The decisions in our State recognize the rule that the defendant's age is an essential element of the statutory crime and must be alleged. The State urges that the expressions in our cases are *obiter dicta,* and to a large measure that is true. But these cases nevertheless present a consistent pattern of thinking over a span of years, reflecting the views of some of our most esteemed jurists, and we find no support whatever in our cases for a contrary view.

In *Farrell v. State,* 54 *N. J. L.* 416, 420 (*Sup. Ct.* 1892), in which the indictment did allege the defendant's age, the court said: "The material facts descriptive of the statutory crime are, that the man is of the age of sixteen years, that the girl is under the age of sixteen years and that he has carnally abused her," and added that "An indictment which sets out these facts charges the offense at which the statute was aimed."

In *State v. Ferris*, 99 N. J. L. 325 (*Sup. Ct.* 1924), the defendant was charged with common law rape. The trial court, however, submitted the issue of statutory rape as well and the jury convicted on that offense. Judgment was reversed and the result was placed flatly upon the failure of the indictment to charge the statutory crime, and that failure was expressly stated to be the omission to allege "the age of the man and the girl." (*P*. 327) We are not prepared to agree with the State's suggestion that the stated view is *obiter dictum*, notwithstanding that the court might have grounded its result elsewhere had it so chosen. The *Ferrell* case was there cited in support of the result.

In *State v. Pitman*, 119 *A*. 438 (*Sup. Ct.* 1922), the court observed that the "age of the prosecutrix and the defendant is the essence of the crime alleged." (*P*. 439) This was *dictum* since the indictment alleged defendant's age and the statement was but doubtfully connected with the issue in relation to which it was made. In *State v. Lasowski*, 4 *N. J. Misc.* 489 (*Sup. Ct.* 1926), the court said "The state was required to prove, in order to make a case under the statute, that defendant was of the age of sixteen years or over * * *." (*P*. 491) Again the question was not imperatively presented, but at least the court accepted the quoted proposition as the beginning point for its discussion. And in *State v. White*, 103 *N. J. L.* 153, 155 (*E. & A.* 1926), discussing the validity of the indictment, the court noted that defendant's age was alleged.

Similar expressions will be found with respect to the analogous crime of seduction wherein the age of the defendant is likewise specified in the statute. *Zabriskie v. State*, 43 *N. J. L.* 640 (*E. & A.* 1881); *State v. Carlone*, 109 *N. J. L.* 208 (*Sup. Ct.* 1932).

In the light of this uniform thinking in our State, we are not disposed to adopt the view held in some jurisdictions and rejected in still others, that the age of the defendant in such statutorily prescribed offenses is a mere elevation of the

common law age of capacity and hence is a mere matter of defense.

██ The State urges that our present rules operate to sustain the indictment despite this deficiency. *Rule* 2:4–11(*a*) plainly requires that the essential facts be alleged. The rule obviates the tautology and prolixity of former pleading, but the requirement that the essential facts be alleged remains inviolate, *State v. Lombardo*, 20 *N. J. Super.* 317 (*App. Div.* 1952). And it is still axiomatic that this deficiency may not be supplied by inference, bill of particulars or amendment.

█ The State further argues that defendant knew his age and hence the indictment need not further inform him. We think it manifest that if indictments may be aided by the private knowledge of the accused, the fundamental right to indictment would be seriously diluted.

█ Nor may the convictions be sustained upon the second counts. *R. S.* 2:110–2 provides:

"Any person who shall commit an assault with intent to kill, or to commit burglary, rape, robbery or sodomy, or to carnally abuse a female under the age of sixteen, with or without her consent, shall be guilty of a high misdemeanor, and punished by a fine not exceeding three thousand dollars or by imprisonment at hard labor not exceeding twelve years, or both."

The second counts allege (we omit the child's name):

"And further present, that on the date, place and in the jurisdiction set forth in the First Count herein, the said Dominick Lefante did commit an assault upon * * *, aged nine years, contrary to the provisions of R. S. 2:110–2, against the peace of this State, the Government and dignity of the same."

It is sufficient to note the complete failure to allege the intent required. *State v. Lombardo*, 20 *N. J. Super.* 317 (*App. Div.* 1952). See also *Linden Park Horse Assn. v. State*, 55 *N. J. L.* 557, 558 (*E. & A.* 1893); *State v. Hatfield*, 87 *N. J. L.* 124, 126 (*Sup. Ct.* 1915).

Judgment is reversed.