27 N.J. Super. 320 (1953)
99 A.2d 375
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
DOMINICK LEFANTE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued August 3, 1953.
Decided September 4, 1953.
Before Judges BIGELOW, DANIEL J. BRENNAN and HUGHES.
*321 Mr. Raymond J. Cuddy, Assistant Prosecutor, argued the cause for the respondent (Mr. Frederick T. Law, Prosecutor of Hudson County).
Mr. Abraham J. Slurzberg argued the cause for the appellant (Mr. J. Arnold Bressler, attorney).
PER CURIAM.
The defendant was convicted of carnal abuse in the Hudson County Court and appealed to the Appellate Division. There the conviction was reversed for reasons stated at 23 N.J. Super. 511 (1952). In turn, the State petitioned for certification and the Supreme Court granted same, 11 N.J. 497 (1953), and, after argument on the appeal, reversed the judgment of the Appellate Division and remitted the record to the Appellate Division "to be there proceeded with in accordance with the rules and practice relating to that court, consistent with the opinion of this court." That judgment requires the proceedings in the Appellate Division, pursuant to the mandate, to be consistent with the opinion of the Supreme Court. The opinion is reported in 12 N.J. 505 (1953). It concludes as follows: "The judgment of the Hudson County Court is reinstated."
In his appeal in the Appellate Division, the defendant argued that the judgment of the County Court should be reversed on four grounds:
(1) The indictments were defective.
(2) The court erred in denying the defendant's motions for acquittal, in that the State had failed to prove a prima facie case.
(3) The court erred in the admission of testimony over the defendant's objection.
(4) The court erred in failing to instruct the jury on certain matters of law.
The Appellate Division, as is stated in the opinion of Judge Schettino, found "it necessary to consider only the challenge addressed to the sufficiency of the indictments." It reversed solely on the ground that the indictments failed to *322 allege the essential elements of the crimes of which the defendant was found guilty by the jury.
In the Supreme Court the only question presented by the State or considered by the court appears to have been whether or not the indictments were sufficient.
Now that the case has been remitted to us, the defendant asks us to consider the questions that were argued on his appeal in the first place and which have never been decided. He points out that he was entitled as of right to his appeal, and that all questions of alleged error in the trial court raised by him in good faith should be considered, if necessary to do him justice. He urges that a refusal of such consideration denies to him the equal protection of the laws which is guaranteed by the Constitution of our country. This argument may be sound, but it is not our province to grant him relief. Stone v. Allied Clothing Corp., 140 N.J. Eq. 224 (Ch. 1947); Isserman v. Isserman, 2 N.J. 1 (1949). Our only function is to carry into effect the mandate of the Supreme Court and that plainly requires that the judgment of the Hudson County Court be reinstated.
The defendant's motion is therefore denied and the judgment of the County Court affirmed.