**UNITED STATES of America,
Appellee,**

v.

**Milton PARNESS, Appellant.**

**UNITED STATES of America,
Appellee,**

v.

**J. Tom GRIMMETT, Appellant.**

**Nos. 14503, 14504.**

United States Court of Appeals
Third Circuit.

Argued March 2, 1964.

Decided March 13, 1964.

Rehearing Denied April 16, 1964.

Certiorari Denied June 22, 1964.
See 84 S.Ct. 1919.

Samuel H. Nelson, Newark, N. J. (S. M. Chris Franzblau, Newark, N. J., on the brief), for appellant Milton Parness.

Ronald Berman, Trenton, N. J. (Clancy & Hayden, John J. Clancy, Newark, N. J., James Dorment, Jr., Jersey City, N. J., on the brief), for appellant J. Tom Grimmett.

Sanford Jaffe, Asst. U. S. Atty., Newark, N. J. (David M. Satz, Jr., U. S. Atty., Newark, N. J., Donald Horowitz, Asst. U. S. Atty., on the brief), for appellee.

Before McLAUGHLIN and FORMAN, Circuit Judges, and LEAHY, District Judge.

PER CURIAM.

We have carefully examined the record in these appeals with particular reference to the points raised by both appellants. We are satisfied that there was no substantial error in the trial with reference to either defendant.

The judgments of the district court against the defendants will be affirmed.

On Petition for Rehearing of Appellant,
J. Tom Grimmett

Before BIGGS, Chief Judge, and McLAUGHLIN, KALODNER, STALEY, HASTIE, GANEY and SMITH, Circuit Judges.

PER CURIAM.

Appellant Grimmett in his Petition for Rehearing asks that his point concerning certain statements in summation by counsel for appellant Parness be dealt with specifically. The Parness attorney said:

"Now, then, Mr. Parness did not have to take the witness stand. He had a right to take the Fifth Amendment, but Mr. Parness is a married man with three children and a wife from our community.

"Mr. Clancy is a very experienced attorney and a fine cross-examiner, as well as Mr. Jaffe.

"I felt there was nothing to hide, and I put Mr. Parness on the witness stand, and there is nothing to hide, and I was willing to put him on the witness stand and to open him up to the scrutiny and any type of cross-examination that any counsel could give, because I had nothing to fear by putting Mr. Parness on the witness stand, because the only evidence Mr. Parness heard was from Mr. Grimmett, what Mr. Grimmett told these other people or what the other people said to Mr. Grimmett and told them * * *

"I feel it was incumbent upon this man to take the witness stand, because he has nothing to hide, * * *"

After quoting the above the Petition for Rehearing states:

"The conclusion is inescapable that, in the context of the purpose of the summation, such statements by counsel for Parness are tantamount to stating that appellant did not take the stand because he had something to hide and, further, that, unlike Parness's attorney, appellant's attorney had something to fear by subjecting him to cross-examination. Under the holding of DeLuna v. United States, 308 F.2d 140 (5th Cir. 1962), such comments by counsel for a co-defendant were a violation of the accused's absolute right to silence under Federal Statute (18 U.S.C.A. Sec. 3481), and the Fifth Amendment."

DeLuna is radically different factually and procedurally from this appeal. Its holding in nowise is in conflict with our decision. Its ruling is based upon its particular facts and the particular procedures followed at that trial. It has no applicability here.

In DeLuna, the facts were that De-Luna, a Mexican National and his cousin, Gomez, a resident of San Antonio, Texas, were indicted jointly on a narcotics charge. Gomez asked for a severance which was denied. Both were tried together in San Antonio. DeLuna did not take the stand. Gomez did, together with members of his family and other witnesses. Gomez claimed he was innocently riding with DeLuna when the latter, seeing police approaching them, tossed a package to Gomez telling him to throw it out the window. The police saw Gomez throw the package which was later proven to contain narcotics. De-Luna's attorney argued affirmatively that the police had not seen DeLuna throw the package to Gomez; that Gomez was the only guilty person and that his client was being made a scapegoat. As is said in the opinion, 308 F.2d pp. 142–143:

"* * * Gomez's attorney, in arguing to the jury, contrasted Gomez's willingness with de Luna's unwillingness to take the stand. He stated plainly that an honest man is not afraid to take the stand and testify.[1] [Footnote 1 quotes attorney's language at length together with colloquy between him, the judge and the attorney for DeLuna] He said:

"'Well, at least one man was honest enough and had courage enough to take the stand and subject himself to cross examination and tell you the whole story, and tell you that, "Yes, I first colored the story, but when I got back to my senses I told the truth, and that's the whole thing." ¶ You haven't heard a word from this man [de Luna].'

"This comment followed on the heels of somewhat similar comment to which de Luna's attorney had objected strenuously as 'inflammatory and prejudicial'. These were not casual or isolated references; they were integral to Gomez's defense."

The attorney for DeLuna objected at least three times during the Gomez summation with respect to the allusions to DeLuna not being a trial witness. The court overruled the objections and admonished the jury that it could not consider that as bearing on the guilt or innocence of defendant DeLuna. Immediately thereafter DeLuna's attorney moved for a mistrial which was also overruled.

The situation before us is entirely different. There never was any motion to sever on behalf of either defendant. The vital testimony against Grimmett was given by two indicted conspirators in the conspiracy involved but who were not on trial. The testimony of Parness was of so little concern to Grimmett that there was no cross-examination on behalf of the latter. There was no objection by Grimmett's attorney at the time the above quoted language was used or thereafter. There was no motion for a mistrial then or later. There was no request to charge concerning the statement or as to a defendant not taking the stand. There were no objections to the charge in connection with the question under discussion. There was no motion for a new trial based on this question or otherwise. The issue was raised for the first time on appeal.

Under all the circumstances of this case we do not think that the statement that Parness took the witness stand because he had nothing to hide, as phrased by his attorney, was outside the limits permitted an advocate in his defense summation. It did not refer to the failure of Grimmett to testify directly or by inference. We cannot fairly hold that it was in violation of appellant's constitutional rights.

If there is any error involved, again within the framework of this trial, it was not substantial. United States v. Stromberg, 268 F.2d 256, 271 (2 Cir. 1959). Certainly, there is nothing in the incident to warrant us in accepting it as plain error.

The summation on behalf of Parness, the other defendant, came first. Following that, the Grimmett defense perhaps might have been excused from requesting a cautionary charge from the judge covering the language now complained of. But in asserting, as it does at this time, that the Parness summation language was prejudicial error, the Grimmett defense cannot be excused for not having asked for a mistrial. The United States Supreme Court has held that in comparable circumstances "The motion for a mistrial was entirely appropriate and, indeed, necessary to protect the interests of petitioner." Stewart v. United States, 366 U.S. 1, 10, 81 S.Ct. 941, 946, 6 L.Ed. 2d 84 (1960).

Finally, instead of moving as outlined in the preceding paragraph, counsel for Grimmett obliquely answered the Parness remarks by saying:

"When the Government closed its case, you will recall I did nothing so far as my defense was concerned but put in the check for $22,500 and I was content to rely upon the evidence that was submitted to you on behalf of the Government and such portions of the testimony of the other defendant as I thought were pertinent or applicable.

"I submit to you that at this point the Government had no case so far as the defendant Mr. Grimmett is concerned and I am satisfied and was satisfied when I introduced that check and then rested my case to have you decide this case upon the evidence, the evidence that is in.

"I said to you in my opening that I am satisfied that when all the evidence is in you will come to the inescapable conclusion that Mr. Grimmett is not guilty. All the evidence is in. You have it before you and the course that I took in deciding

which should or should not be my defense or Mr. Grimmett's defense is mine. The responsibility is mine. It is a matter of my judgment that this case be handled the way I handled it, and I submit that what I put in in my judgment is all I needed to put in and as I go through with my argument I think you will understand why."

In this situation, the language of Mr. Justice Sutherland in United States v. Manton, 107 F.2d 834, 848 (2 Cir. 1938), would seem applicable: "Plainly enough, counsel consciously and intentionally failed to save the point and led the trial judge to understand that counsel was satisfied." And see Johnson v. United States, 318 U.S. 189, 200, 63 S.Ct. 549, 87 L.Ed. 704 (1943).

The petition for rehearing will be denied.