93 N.J. Super. 435 (1967)
226 A.2d 47
THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JAMES O. McLAUGHLIN AND HAROLD McNAIR, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued November 14, 1966.
Decided January 23, 1967.
*437 Before Judges GAULKIN, LEWIS and LABRECQUE.
Mr. James W. Hurley, assigned counsel, argued the cause for defendant Harold McNair.
Mr. Howard Schwartz, assigned counsel, argued the cause for defendant James O. McLaughlin.
Mr. Raymond S. Londa, Assistant Prosecutor, argued the cause for plaintiff (Mr. Leo Kaplowitz, Union County Prosecutor, attorney).
The opinion of the court was delivered by GAULKIN, S.J.A.D.
Defendants were convicted of robbery and they appeal.
McNair's sole ground of appeal is that his trial counsel was incompetent and ineffective, particularly in that counsel "failed to examine complaining witness on vital points." We have studied the transcript of the trial and we find no merit in this contention. State v. Dennis, 43 N.J. 418, 428 (1964).
Defendant McLaughlin's first ground of appeal is that the trial court erred in denying his motion for judgment of acquittal at the close of the State's case. Our examination of the evidence as it stood when the State rested satisfies us that the motion for acquittal was properly denied. There was ample proof of the robbery, and Braddy's testimony implicated McLaughlin more than enough to withstand the motion. As to this, McLaughlin argues that "When the witness Braddy testified as to his own implication in the crime by counselling both defendants and receiving $3,000 of the proceeds, his testimony became incredible * * * so unbelievable [that] it should not have gone to the jury * * *." Not so. Braddy's credibility was nevertheless for the jury.
McLaughlin's major argument is that his motion for a mistrial should have been granted when McNair's lawyer (not his present one), during summation, commented upon *438 McLaughlin's failure to take the stand, and the judge's halting of the comment and instructions to the jury to disregard the comment did not cure the error or the prejudice.
McNair testified that McLaughlin perpetrated the robbery without his knowledge, and that he was merely an innocent passenger in McLaughlin's car. In his summation McNair's attorney said:
"This is the crux of the case because if Harold McNair is telling the truth in relation to how Oswald McLaughlin came into his house and said what he did say, he said, `Let's go for a ride,' and took him for a ride and then this thing occurred, why didn't McLaughlin get up and deny that?"
McLaughlin's retained trial attorney objected and moved for a mistrial. The following ensued:
"THE COURT: That is not a proper comment, Mr. Bercik [attorney for McNair].
Strike it.
The Court will instruct you, ladies and gentlemen of the jury, that every defendant has a right in any case in which he is accused not to appear as a witness and not to testify. This comment the Court has ruled improper. You are instructed to disregard it. Do not employ it in any respect in the course of your deliberations.
MR. BERCIK: I apologize, your Honor."
However, McLaughlin's attorney had summed up before McNair's and he had said:
"The Defendant McLaughlin did not take the stand. This was quite obvious. As a matter of fact, if you didn't get what it was, I said to the Judge at the end of the State's case, `The Defendant McLaughlin rests.' That meant that the Defendant McLaughlin's case as far as he was concerned by way of defense had stopped at that point.
* * * Under our law every defendant has a right to take the stand if he so chooses. He cannot be made to take the stand against himself. Under our law he has the right to take the stand or not to take the stand if he so chooses. It is the presumption of innocence. So that under our law when you are a defendant in a criminal case if in your mind the State has not proven the case and a decision has been made by the defendant and his lawyer, no defendant must take the stand and testify because the reason we're here is it is the State's *439 burden to prove beyond a reasonable doubt the guilt of the defendant, not the burden of the defendant to prove his innocence. * * *."
The judge charged the jury as follows:
"The defendant, James Oswald McLaughlin, has requested me to charge, and I do instruct you, that one of our statutes which is New Jersey Statute 2A:84A-17(1). It reads as follows: `Every person has in any criminal action in which he is an accused a right not to be called as a witness and not to testify.'
The defendant, James Oswald McLaughlin, is entitled, as is every defendant, to have the jury consider all of the facts in evidence and even if he does not testify as a witness, he is entitled to the presumption of innocence unless and until the jury agrees upon a verdict of guilty after considering all of the evidence."
It is, of course, now settled that comment by the court or the prosecutor upon a defendant's failure to take the stand may nullify his conviction. State v. Davis, 45 N.J. 195, 197 (1965); State v. Lanzo, 44 N.J. 560, 562-564 (1965); Griffin v. State of California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965). For the purpose of this opinion we shall assume, without deciding, that the same rule applies when the comment is made by a codefendant. See DeLuna v. United States, 308 F.2d 140 (5 Cir. 1962), rehearing denied 324 F.2d 375 (1963); Hayes v. United States, 329 F.2d 209, 221-222 (8 Cir.), certiorari denied sub nom. Bennett v. United States, 377 U.S. 980, 84 S.Ct. 1883, 12 L.Ed.2d 748 (1964); Note, "Codefendant's Right To Comment on Defendant's Failure to Testify," 15 Stanford L. Rev. 690 (July 1963). However, we hold that here the effect of the comment was sufficiently neutralized by the trial judge's immediate and effective action.
McLaughlin argues that once the comment was made, he was irrevocably and incurably deprived of his constitutional rights and nothing short of a mistrial was permissible. We disagree.
Improper comments are frequently made in trials. Usually their effect may be cured by the judge's timely and explicit action. There may be some statements of so devastating a *440 nature that they cannot be cured (as used to be thought of references to insurance in negligence cases), but comment upon failure to testify is not of that class. Consequently, it has been held that even when the prosecutor made the comment, prompt and effective action by the judge cured the error. Coleman v. Denno, 223 F. Supp. 938, 942-945 (S.D.N.Y. 1963), affirmed o.b. United States ex rel. Coleman v. Denno, 330 F.2d 441 (2 Cir. 1964), certiorari denied 377 U.S. 1003, 84 S.Ct. 1938, 12 L.Ed.2d 1052 (1964); Peel v. United States, 316 F.2d 907, 912 (5 Cir. 1963), certiorari denied sub nom. Crane v. United States, 375 U.S. 896, 84 S.Ct. 174, 11 L.Ed.2d 125 (1963). See also State v. Schultz, 46 N.J. 254, 260 (1966).
The reason such comment is usually curable is, as Chief Justice Weintraub said in another context in State v. Garvin, 44 N.J. 268 (1965), because:
"When the State's case points an accusing finger directly at a defendant, common sense demands that he testify if in truth he is able to fend off the evidence against him. Neither the absence of comment nor an instruction against an adverse inference can dilute the inculpatory force of uncontradicted evidence of that character." (at p. 279)
Here, McLaughlin's own counsel had himself first brought up McLaughlin's failure to testify and discussed it at some length. The cases forbid comment by others than a defendant upon defendant's failure to testify, but they cannot prevent the jurors from wondering about the true reason for that failure when defendant himself offers reasons and excuses for his silence. And, probably for that reason, McLaughlin requested and the judge gave the charge, quoted above, as to his privilege not to testify.
McLaughlin relies heavily upon DeLuna v. United States, supra, but there the circumstances were quite different from those at bar. Here the remark complained of was but one fleeting moment in the trial, and it was not repeated. The judge handled the matter forcefully the instant it arose, in a *441 manner which made it plain to the jury that the comment was to be eradicated from their minds and not employed by them in any respect. His admonition was emphasized by the immediate apology of McNair's attorney.
Finally, McLaughlin complains that his 12-15-year sentence was excessive, especially when compared to the 10-12-year sentence given McNair, and was arrived at improperly. We find no merit in this contention.
Affirmed.