**Ulpiano VARELA CARTAGENA,**
**Defendant, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**Ramon LOPEZ ROSA, Defendant,**
**Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**Nos. 7066, 7067.**

United States Court of Appeals
First Circuit.

June 28, 1968.

Manuel Nelson Zapata, New York City, with whom Santos P. Amadeo and Gerardo Ortiz Del Rivero, San Juan, P. R., were on brief, for appellants.

Charles E. Figueroa, Asst. U. S. Atty., with whom Francisco A. Gil, Jr., U. S. Atty., and Blas C. Herrero, Jr., Asst. U. S. Atty., were on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

Appellants Cartagena and Rosa are two of three defendants tried under 18 U.S.C. §§ 371 and 472 for conspiracy to pass and for passing counterfeit money. Both were convicted. The third defendant, Rodriguez, was acquitted. Error is principally alleged in the district court's refusal to grant written and oral motions to sever trial of appellants and Rodriguez on the ground of conflicting defenses and the disclosure by counsel for the latter that his client's testimony could be substantially damaging to codefendants.

Where, as here, the joinder requirements of Fed.R.Crim.P. 8(b) are satisfied, relief in this court is available only upon a showing of abuse of discretion by the trial court in refusing severance under Fed.R.Crim.P. 14. Sagansky v. United States, 358 F.2d 195, 199–200 (1st Cir.), cert. denied, 385 U.S. 816, 87 S.Ct. 36, 17 L.Ed.2d 55 (1966). We find none on the facts of this case. To be sure, the effect of Rodriguez' testimony was to exculpate himself and to inculpate appellants. His defense was not that none of the alleged acts occurred or that he did not himself pass counterfeit money but that, having had no knowledge that it was counterfeit, he lacked the requisite mens rea for conviction. His testimony was that he was walking outside his home, was given a ride to town by appellants, and was persuaded to go to the patron saint's festivities in another town. In the course of an evening of drinking, he and appellant Rosa each made several separate purchases of rum with a twenty dollar bill received from appellant Cartagena on each occasion. At the last stop, when a bill was discovered as counterfeit, appellants left precipitately by car, leaving Rodriguez behind to face the music.

This testimony contained no admissions attributable to appellants. It was unlike the testimony in many conspiracy cases in which incriminating statements by a non-testifying co-conspirator are admissible from the lips of a testifying co-conspirator in a joint trial or not at all. Rodriguez' testimony in this case would have been competent at appellants' separate trial had one been granted. Whether Rodriguez were to be tried before or after Cartagena and Rosa, whether at the time of such trial he had been convicted, acquitted or were still an accused, he would in all probability still have been a witness for the government and could have as effectively damaged appellants. We see no prejudice here, to say nothing of a strong showing of prejudice. Sagansky v. United States, supra at 199.

Three other points are raised for the first time in this appeal, without objection having been taken below or noted in the statement of points on appeal as required by our rule 23(2). Neither singly nor in combination do they rise to the level of plain error noticeable under Fed.R.Crim.P. 52(b).

The first of these asserted errors is that counsel for Rodriguez, in the course of a lengthy summation stressing credibility, twice mentioned that his client had testified and subjected himself to cross-examination. The record is bereft of any mention of appellants' silence or any guile or innuendo. It is in sharp contrast to the situation in either Desmond v. United States, 345 F.2d 225 (1st Cir. 1965), or De Luna v. United States, 308 F.2d 140 (5th Cir. 1962). The privilege against self-incrimination of a co-defendant who does not choose to testify does not go so far as to deprive one who does so choose of effective argument in his behalf, so long as it is, as it was here, sensitive to the rights of others. Cf. United States v. Knox Coal Co., 347 F.2d 33 (3d Cir.), cert. denied, 382 U.S. 904, 86 S.Ct. 239, 15 L.Ed.2d 157 (1965); United States v. Parness, 331 F.2d 703 (3d Cir.), cert. denied, 379 U.S. 801, 85 S.Ct. 10, 13 L.Ed.2d 20 (1964).

A second alleged error is that the court charged that all witnesses are presumed to speak the truth and that a presumption "is a deduction or a conclusion which the law requires you to make under certain circumstances. * * *" Appellants cite our disapproval of such an instruction in McMillen v. United States, 386 F.2d (1st Cir. 1967). But unlike the situation in McMillen where we found plain error, the court below did not fail to give an appropriate instruction as to accomplice testimony, there was no other error interacting with the presumption instruction to elevate it to plain error, and there was adequate corroborating evidence apart from Rodriguez' testimony.

Finally, appellants charge error in the closing argument of Rodriguez' counsel who, referring to the evidence that Rodriguez had given a statement to the police, argued that had his testimony varied from the statement, there would have been an attempt to impeach him. Appellants seek to equate this with an improper use of a prior consistent statement. To assert such a ground as plain error indicates only that our strictures in Dichner v. United States, 348 F.2d 167 (1st Cir. 1965), have not yet reached all of their intended audience.

Affirmed.