**Milton PARNESS, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 17771.**

United States Court of Appeals
Third Circuit.

Submitted on Briefs June 16, 1969.

Decided Aug. 18, 1969.

Myron Weiner, Elizabeth, N. J., for appellant.

Donald Horowitz, Asst. U. S. Atty. (David M. Satz, Jr., U. S. Atty., Newark, N. J., on the brief), for appellee.

Before HASTIE, Chief Judge, and McLAUGHLIN and SEITZ, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

Appellant is confined to the Lewisburg United States Penitentiary serving a three year sentence imposed by the United States District Court for the Southern District of New York. On February 8, 1963, he was convicted in the District of New Jersey for conspiracy in connection with the interstate transportation of stolen securities, an offense in violation of Title 18 U.S.C. Section 371. His motion for a new trial was denied. Thereafter his conviction was affirmed by this court, United States v. Parness, 331 F.2d 703 (3 Cir. 1964). Following this his application for certiorari to the United States Supreme Court was denied. On February 10, 1966, appellant filed an application to correct or vacate his sentence on the alleged ground of false information in the presentence report. That applica-

tion was denied by the district judge and that decision was affirmed by this court, October 17, 1968 (Parness v. United States, 368 F.2d 327). A petition for certiorari to the United States Supreme Court was denied 386 U.S. 1012, 87 S.Ct. 1358, 18 L.Ed.2d 442 (1967). On August 26, 1967 there was another and similar application which was denied. That was affirmed by this court, November 13, 1968, 403 F.2d 31. An application for certiorari to the Supreme Court was denied April 28, 1969.

The present petition was filed August 10, 1968. The ground urged for that is the claimed prejudicial result of alleged inadmissible testimony. This very same argument was exhaustively made on behalf of Parness both by brief and orally in 1964 before this court on the original appeal. The trial record revealed substantial evidence that appellant, J. Tom Grimmett and two others, Favata and McLaren, who testified on behalf of the Government, were engaged in a conspiracy to transport interstate certain stolen securities valued at more than $5,000 which were to be sold by appellant to Grimmett. The securities thereafter were to be forged, altered and pledged as collateral for loans. After proofs had been put into evidence of such conspiracy, testimony was admitted that in the course of the conspiracy Grimmett made declarations to Favata and McLaren regarding appellant's participation in the conspiracy and in furtherance of the conspiracy, particularly, inter alia, that Grimmett's representative was coming to New York to pay "Milt" (Parness) the fifty thousand dollars Parness demanded and to obtain the second group of securities. The guilty knowledge of Parness regarding the stolen securities and the ultimate object of the conspiracy to use them as collateral to obtain a loan, was clearly inferable from the evidence. Appellant's sole excuse for relitigating the point is his contention that the issue is controlled by Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). The district court correctly held that Bruton had no pertinency to the established facts of this case. Bruton concerned the admission into evidence of an out of court confession made by one defendant which incriminated a co-defendant. Here we have talk by a co-conspirator in the course of and in furtherance of the conspiracy. The testimony was properly admitted. Lutwak v. United States, 344 U.S. 604, 73 S.Ct. 13, 97 L.Ed. 630 (1953); Pinkerton v. United States, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946); United States v. Flynn, 216 F. 2d 354 (2 Cir.1954).

The judgment of the District Court will be affirmed.