UNITED STATES of America ex rel. James Oswald McLAUGHLIN, Petitioner,

v.

Warren PINTO, Warden of New Jersey State Prison Farm at Rahway, Respondent.

Civ. A. No. 359–68.

United States District Court, D. New Jersey.

June 24, 1971.

James Oswald McLaughlin, pro se.

Leo Kaplowitz, Union County Prosecutor, by Arthur J. Timins, Asst. Prosecutor, Elizabeth, N. J., for respondent.

## MEMORANDUM and ORDER

LACEY, District Judge:

Petitioner, proceeding pro se and *in forma pauperis*, seeks a writ of habeas corpus pursuant to 28 U.S.C.A. § 2241 et seq. (1971). Petitioner is attacking his 12 to 15 year term of confinement in the New Jersey State Prison at Rahway after a jury conviction in Union County Court on August 18, 1965 for robbery in violation of N.J.Stat.Ann. § 2A:141–1 (1969). Petitioner's conviction was affirmed by the Appellate Division of the Superior Court on January 23, 1967; State v. McLaughlin, 93 N.J.Super. 435, 226 A.2d 47. The Supreme Court of New Jersey denied certification on June 30, 1967. [*See* petition for writ of habeas corpus, § 9].

Petitioner claims, as he did in the state proceedings, that the trial court committed error in not granting a mistrial when counsel for his co-defendant commented in summation on petitioner's failure to testify. He further contends that this error was not rectified by an instruction to the jury, given immediately upon making of the comment, to disregard it [R–2:(142a)],[1] nor by the further instruction in the general charge that petitioner was under no obligation to testify (citing N.J.Stat.Ann. § 2A:84A–17(1) (Supp.1970); [R–2:(142a)].

---

1. References are as follows: R–2 is the trial transcript and 142a is a page of that transcript.

Significantly, it was *petitioner's* attorney who first raised the point, in summation, that his client had not taken the stand [R–a:(102a–103a)]:

The Defendant McLaughlin did not take the stand. This was quite obvious. As a matter of fact, if you didn't get what it was, I said to the Judge at the end of the State's case, "The Defendant McLaughlin rests." That meant that the Defendant McLaughlin's case as far as he was concerned by way of defense had stopped at that point.

Remember the laws of which I speak were not made for James McLaughlin. These laws were made for every defendant who comes before our courts. These laws were made for you and me if, God forbid, anybody is ever involved in anything. Under our law every defendant has a right to take the stand if he so chooses. He cannot be made to take the stand against himself. Under our law he has the right to take the stand or not to take the stand if he so chooses. It is the presumption of innocence. So that under our law when you are a defendant in a criminal case if in your mind the State has not proven the case and a decision has been made by the defendant and his lawyer, no defendant must take the stand and testify because the reason we're here is it is the State's burden to prove beyond a reasonable doubt the guilt of the defendant, not the burden of the defendant to prove his innocence. * * *

Only thereafter did counsel for McNair, petitioner's co-defendant, state [R–2: (109a–110a)]:

It comes down to one point: Intent. Was [McNair] in that car for the purpose of snatching the pocketbook? * * * This is the crux of the case because if Harold McNair is telling the truth in relation to how Oswald McLaughlin came into his house and said what he did say, he said, "Let's go for a ride," and took him for a ride and then this thing occurred, why didn't McLaughlin get up and deny that?

MR. MUSCATELLO [Petitioner's counsel]: I am sorry. At this time I ask for a mistrial.

THE COURT: That is not a proper comment, Mr. Bercik. Strike it. The Court will instruct you, ladies and gentlemen of the jury, that every defendant has a right in any case in which he is accused not to appear as a witness and not to testify. This comment the Court has ruled improper. You are instructed to disregard it. Do not employ it in any respect in the course of your deliberations.

MR. BERCIK [co-defendant's counsel]: I apologize, your Honor.

Later, in the general charge, the Court instructed the jury as follows [R–2: (142a)]:

The defendant, James Oswald McLaughlin, has requested me to charge, and I do instruct you, that one of our statutes which is New Jersey Statute 2A:84A–17(1). (sic) It reads as follows: "Every person has in any criminal action in which he is an accused a right not to be called as a witness and not to testify."

The defendant, James Oswald McLaughlin, is entitled, as is every defendant to have the jury consider all of the facts in evidence and even if he does not testify as a witness, he is entitled to the presumption of innocence unless and until the jury agrees upon a verdict of guilty after considering all of the evidence.

Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965), barred prosecutorial comment, in a state criminal trial, upon a defendant's failure to testify, incorporating the self-incrimination provisions of the Fifth Amendment into the Fourteenth Amendment; and left no doubt that such comment by a co-defendant's counsel would be similarly regarded.

Moreover, the Fifth Circuit Court of Appeals said in De Luna v. United

States, 308 F.2d 140, 141 (5th Cir. 1962):

> In a criminal trial in a federal court an accused has a constitutionally guaranteed right of silence free from prejudicial comments, even when they come only from a co-defendant's attorney. If an attorney's duty to his client should require him to draw the jury's attention to the possible inference of guilt from a co-defendant's silence, the trial judge's duty is to order that the defendants be tried separately.

■ Subsequent to *De Luna*, this Circuit in United States v. Parness, 331 F. 2d 703 (3d Cir.), cert. denied, 377 U.S. 993, 84 S.Ct. 1919, 12 L.Ed.2d 1045 (1964), dealt with the issue of comment upon a defendant's failure to testify. While holding that the particular facts therein established no violation of constitutional rights, and thereby distinguishing *De Luna, Parness* leaves no doubt that in this Circuit the protection of the Fifth Amendment does apply under certain circumstances to comments by counsel for a co-defendant as well as to a prosecutor's comments.[2]

■ *Parness* also makes clear, however, that whether Fifth Amendment rights are violated by such comment depends upon the record in each case. Indeed, in United States v. Knox Coal Co., 347 F.2d 33 (3d Cir.), cert. denied, 382 U.S. 904, 86 S.Ct. 239, 15 L.Ed.2d 157 (1965), the Court, discussing 18 U.S.C.A. § 3481 (1969) (a statute declaring that failure to be a witness could not create a presumption against a defendant), stated at 44:

> When comment is made upon defendant's election not to take the witness stand, the trial court should condemn such references and "express to the jury in emphatic terms that they should not attach to the failure any importance whatever as a presumption against the defendant." Wilson v. United States, supra, 149 U.S. at 67, 13 S.Ct. at 767.

Thus, it is not every "failure to testify" comment which requires an immediate mistrial; a curative instruction, under some circumstances may be adequately remedial. Moreover, the United States Supreme Court has declined to hold that every error under the *Griffin* rule must be deemed harmful. Chapman v. California, 386 U.S. 18, 21–22, 87 S. Ct. 824, 17 L.Ed.2d 705 (1967).

■ A careful review of the record of petitioner's trial leads this Court to conclude that, while the "failure to testify" comment was improper, there was no constitutional deprivation as would compel granting of the relief sought.

Unlike *De Luna*, the comment here was a single and isolated one, immediately denounced by the trial judge who informed the jury that the comment should be disregarded; and the culpable attorney promptly apologized. [R–2: (109)].

Later, upon request of petitioner's counsel, the trial judge instructed the jury on N.J.Stat.Ann. § 2A:84A–17(1) (Supp.1970); [R–2: (141)]. Finally, the initial statement regarding petitioner's failure to testify was made by his own attorney [R–2: (101–102)].

There was ample evidence to sustain the jury's verdict and, under all the circumstances, this Court finds no error sufficient to warrant issuance of the writ sought.

It should also be noted that in addition to the "failure to testify" point raised in the Petition, the petitioner in memoranda and letters to this Court asserts additional grounds for issuance of a writ of habeas corpus. Although not raised at the state level, they shall nonetheless be considered, as follows:

1. That petitioner's counsel was incompetent: the record does not support this claim. Moore v. United States, 432 F.2d 730 (3d Cir. 1970).

■ 2. That petitioner did not have the benefit of the presence of his parents at the Juvenile Court hearing: petition-

---

2. *See* United States ex rel. Mitchell v. Pinto, 438 F.2d 814 (3d Cir. 1971).

er never raised any such claim at the trial nor does he claim to have done so in Juvenile Court. The record reflects he had counsel at every critical stage of the proceedings.

■ 3. That the sentence was illegal: clearly the sentence was legal and within the statutory limits.

■ 4. That the trial judge was dishonest and discriminated against petitioner: this conclusory charge is belied by the trial transcript which reflects the fairness with which petitioner's rights were protected. There is no foundation for this charge.

■ 5. That the state promised rewards to a witness in exchange for false testimony: there is no support for this charge. At trial the witness in question denied having been promised anything for the testimony he gave [R–2: (41–46)]. Moreover, the trial judge clearly explained to the jury the need to consider carefully the testimony of any witness who might be giving testimony in return for a prosecutorial promise of reward [R–2: (138–139)].

■ 6. That the petitioner, on this application, should have been given a copy of the trial transcript: this Court has carefully reviewed the entire transcript. There is no prejudice to petitioner's rights in his not having been furnished a copy of the transcript.

Because of the adequacy of the record[3] before this Court, an evidentiary hearing is not required. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

It is, therefore, on this 24th day of June, 1971

Ordered that the petition of James Oswald McLaughlin for a writ of habeas corpus be, and hereby is, denied.

This Court is of the opinion that no probable cause for appeal exists in this case.