SYLLABUS

(This syllabus is not part of the opinion of the Court. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Supreme Court. Please note that, in the interest of brevity, portions of any opinion may not have been summarized.)

**United Parcel Serv. Gen. Servs. Co. v. Dir., Div. of Taxation (A-16/17-13) (072421)**

**(NOTE: The Court did not write a plenary opinion in this case. Instead, the Court affirms the judgment of the Appellate Division substantially for the reasons expressed in Judge Lihotz's written opinion, which is published at 430 N.J. Super. 1 (App. Div. 2013).)**

**Argued September 23, 2014 -- Decided December 4, 2014**

**PER CURIAM**

In this appeal, the Court considers the propriety of the New Jersey Division of Taxation's (the Division) assessment of late payment and tax amnesty penalties under the New Jersey Corporation Business Tax Act, N.J.S.A. 54:49-6(a), N.J.S.A. 54:53-17, -18, against plaintiffs, five subsidiaries of United Parcel Service of America (UPS).

UPS and its affiliates used a cash management system that included routine inter-company fund transfers. Plaintiffs ascribed no tax consequence to these inter-company transfers on their corporate tax returns. After a tax audit, the Division concluded that the inter-company transfers constituted loans as to which interest income should be imputed. The Division assessed unpaid taxes on the imputed income, late payment penalties under N.J.S.A. 54:49-6(a), and tax amnesty penalties under N.J.S.A. 54:53-17 and N.J.S.A. 54:53-18. Plaintiffs filed complaints in Tax Court contesting the Division's actions. Following a trial, the Tax Court determined that the Division reasonably concluded that the inter-company fund transfers constituted loans as to which interest should be imputed for purposes of the Corporate Business Tax Act. United Parcel Serv. Gen. Servs. Co. v. Dir., Div. of Taxation, 25 N.J. Tax. 1, 24 (2009). The Tax Court also concluded, however, that the Division abused its discretion in denying plaintiffs' application for a waiver of late payment penalties under N.J.S.A. 54:49-11(a) and N.J.A.C. 18:2-2.7, and incorrectly assessed an amnesty penalty on plaintiffs under N.J.S.A. 54:53-17 and -18. Id. at 50, 54.

The Appellate Division affirmed the Tax Court's decision. United Parcel Serv. Gen. Servs. Co. v. Dir., Div. of Taxation, 430 N.J. Super. 1, 17 (App. Div. 2013). The panel agreed with the Tax Court that plaintiffs were entitled to a waiver of late payment penalties under N.J.S.A. 54:49-11(a) and N.J.A.C. 18:2-2.7, which permits a waiver of late penalties if the taxpayer shows a "reasonable cause" for its failure to pay the taxes when due. The panel agreed that, because plaintiffs' initial position that no tax consequences arose from the inter-company fund transfers was reasonable under existing law, they had reasonable cause for their late payment of taxes on the imputed income at issue. Id. at 10-14. The panel also agreed with the Tax Court that the tax amnesty statutes, N.J.S.A. 54:53-17 and -18, are inapplicable to a taxpayer, such as plaintiffs, who timely filed all applicable tax returns, paid all reported taxes, and was later found to owe additional taxes after an audit. Id. at 14-17. This Court granted certification. 216 N.J. 5 (2013).

**HELD:** The judgment of the Appellate Division is **AFFIRMED** substantially for the reasons expressed in Judge Lihotz's opinion.

1. Although the Court underscores the deference afforded to the Division's determinations in tax matters, it concurs with the conclusion of the Tax Court and the Appellate Division that the Division improperly exercised its discretion in this case. A taxpayer's showing of "[a]n honest misunderstanding of fact or law that is reasonable in light of the experience, knowledge and education of the taxpayer" supports a finding of "reasonable cause." N.J.A.C. 18:2-2.7(d)(1)(i). Such a finding is warranted here. As the Tax Court observed, with no directly pertinent legal authority then in existence, "genuine questions of fact and law existed concerning the propriety of the Director's imputation of interest" with respect to plaintiffs' fund transfers conducted under the UPS cash management system. United Parcel Serv. Gen. Servs. Co., 25 N.J. Tax. at 50. Indeed, citing N.J.A.C. 18:2-2.7(b)'s standard for the grant of an abatement, the Division acknowledged in writing that one of the plaintiffs had demonstrated "reasonable cause in this matter." The Court therefore agrees with the Appellate Division and affirms the Tax Court's finding that the

1

Division did not exercise properly the discretion that the Legislature afforded to it in N.J.S.A. 54:49-11(a) when it declined to waive late payment penalties imposed on plaintiffs. (pp. 3-4)

2. The penalty provisions of both tax amnesty statutes require the Division to impose a penalty on "a taxpayer who has failed to pay any State tax" before the day upon which it is due. N.J.S.A. 54:53-17(a), -18(a). Neither statute expressly indicates whether a taxpayer who timely files tax returns, pays all reported tax liabilities, and is found to be liable for additional taxes following an audit, such as plaintiffs here, has "failed to pay" New Jersey taxes, and therefore should be assessed a penalty. Ibid. Applying traditional principles of statutory construction, the Court relies upon the State Treasurer's testimony in the hearings that led to the enactment of the 1996 amnesty statute, N.J.S.A. 54:53-17, testimony incorporated into statements of the Legislative committee that reviewed the legislation: "the bill's penalties will not be applied to deficiencies assessed pursuant to a question of law or fact uncovered through routine audits of taxpayers otherwise in compliance with filing and payment requirements of State taxes." Assembly Appropriations Comm. Statement to Assembly Comm. Substitute for Assembly Bill No. 1420 (Feb. 5, 1996). Guided by the legislative history, the Court concurs with the Tax Court and the Appellate Division that N.J.S.A. 54:53-17 and -18 were not intended to authorize or mandate a tax amnesty penalty in the setting of this case. (pp. 4-7)

**CHIEF JUSTICE RABNER and JUSTICES LaVECCHIA, ALBIN, PATTERSON, FERNANDEZ-VINA, and SOLOMON join in this opinion. JUDGE CUFF (temporarily assigned) did not participate.**

UNITED PARCEL SERVICE GENERAL
SERVICES CO.; UNITED PARCEL SERVICE
CO.; UPS TELECOMMUNICATIONS, INC.;
UPS WORLDWIDE FORWARDING INC.; UPS
WORLDWIDE FORWARDING INC., as
Successor in Interest to UPS AIR
FORWARDING, INC.,

     Plaintiffs-Respondents
     and Cross-Appellants,

        v.

DIRECTOR, DIVISION OF
TAXATION,

     Defendant-Appellant
     and Cross-Respondent.


     Argued September 23, 2014 – Decided December 4, 2014

     On certification to the Superior Court,
     Appellate Division, whose opinion is
     reported at 430 N.J. Super. 1 (2013).

     Marlene G. Brown, Senior Deputy Attorney
     General, argued the cause for appellant and
     cross-respondent (John J. Hoffman, Acting
     Attorney General; Melissa H. Raksa,
     Assistant Attorney General, of counsel).

     Mitchell A. Newmark argued the cause for
     respondents and cross-appellants (Morrison &
     Foerster, attorneys).


     PER CURIAM

     This appeal arises from the New Jersey Division of

Taxation's assessment of late payment and tax amnesty penalties

1

under the New Jersey Corporation Business Tax Act, N.J.S.A. 54:49-6(a), N.J.S.A. 54:53-17, -18, against plaintiffs, five subsidiaries of United Parcel Service of America (UPS).

Following a trial, the Tax Court determined that the Division reasonably had concluded that two categories of routine, inter-company transfers of funds, conducted by plaintiffs as part of the cash management system used by UPS and its affiliates, constituted loans as to which interest should be imputed for purposes of the Corporate Business Tax Act. United Parcel Serv. Gen. Servs. Co. v. Dir., Div. of Taxation, 25 N.J. Tax 1, 24 (2009). However, the Tax Court concluded that the Division improperly had denied plaintiffs' application for a waiver of late payment penalties under N.J.S.A. 54:49-11(a) and N.J.A.C. 18:2-2.7, and that the Division incorrectly had assessed a five percent amnesty penalty on plaintiffs pursuant to N.J.S.A. 54:53-17 and -18. Id. at 50, 54. The Appellate Division affirmed the Tax Court's determination with respect to the late payment and tax amnesty penalties, adopting Judge Kuskin's comprehensive findings of fact and concurring with his detailed analysis of the relevant provisions of the Corporate Business Tax Act. United Parcel Serv. Gen. Servs. Co. v. Dir., Div. of Taxation, 430 N.J. Super. 1, 17 (App. Div. 2013). We granted certification. 216 N.J. 5 (2013).

2

We affirm, substantially for the reasons stated by the Appellate Division, and add the following brief comments.

First, notwithstanding the outcome in this matter, we underscore the deference afforded to the determinations of the Division, whose expertise in the complex and specialized subject of tax law "is entitled to great respect by the courts." Metromedia, Inc. v. Dir., Div. of Taxation, 97 N.J. 313, 327 (1984); see also Koch v. Dir., Div. of Taxation, 157 N.J. 1, 8 (1999); Yilmaz, Inc. v. Dir., Div. of Taxation, 390 N.J. Super. 435, 440 (App. Div.), certif. denied, 192 N.J. 69 (2007). The Legislature has conferred upon the Division substantial discretion to determine whether to "remit or waive the payment of the whole or any part of any penalty" imposed upon a taxpayer for a late filing. N.J.S.A. 54:49-11(a); see also N.J.A.C. 18:2-2.7.

However, we concur with the conclusion of the Tax Court and the Appellate Division that, in the factual setting of this case, the Division improperly exercised its discretion. We note that under N.J.A.C. 18:2-2.7(c)(4), the pendency of an "action or proceeding for judicial determination may constitute reasonable cause, until the time in which the taxpayer has exhausted its administrative or judicial remedies," provided that "[t]he action or proceeding involves a question or issue affecting whether or not the . . . entity is required to . . .

3

pay tax; [t]he action or proceeding is not based on a position which is frivolous; and [t]he facts and circumstances for such taxable period or periods are identical or virtually identical to those of the taxable period or periods covered by the action or proceeding."  N.J.A.C. 18:2-2.7(c)(4).  A taxpayer's showing of "[a]n honest misunderstanding of fact or law that is reasonable in light of the experience, knowledge and education of the taxpayer" supports a finding of "reasonable cause." N.J.A.C. 18:2-2.7(d)(1)(i).  Such a finding is warranted here.

As the Tax Court observed, with no directly pertinent legal authority then in existence, "genuine questions of fact and law existed concerning the propriety of the Director's imputation of interest" with respect to plaintiffs' disputed transfers conducted under the UPS cash management system.  United Parcel Serv. Gen. Servs. Co., supra, 25 N.J. Tax at 50.  Indeed, citing N.J.A.C. 18:2-2.7(b)'s standard for the grant of an abatement, the Division acknowledged in writing that one of the plaintiffs had demonstrated "reasonable cause in this matter."  We therefore agree with the Appellate Division and affirm the Tax Court's finding that the Division did not exercise properly the discretion that the Legislature afforded to it in N.J.S.A. 54:49-11(a) when it declined to waive late payment penalties imposed on plaintiffs.

4

Second, we concur with the Appellate Division that neither of the tax amnesty statutes that govern this case clearly indicates whether the Legislature intended to authorize the imposition of a tax amnesty penalty against a taxpayer in plaintiffs' circumstances. United Parcel Serv. Gen. Servs. Co., supra, 430 N.J. Super. at 15-16. The penalty provisions of both tax amnesty statutes require the Division to impose a penalty on "a taxpayer who has failed to pay any State tax" before the day upon which it is due. N.J.S.A. 54:53-17(a), -18(a). Neither statute expressly indicates whether a taxpayer who timely files tax returns, pays all reported tax liabilities and is found to be liable for additional taxes following an audit, has "failed to pay" New Jersey taxes, and therefore should be assessed a penalty. Ibid.

Applying traditional principles of statutory construction, "we look to the legislative history to aid in determining the legislative intent of" a statute whose plain language is subject to more than one reasonable interpretation. Oberhand v. Dir., Div. of Taxation, 193 N.J. 558, 568 (2008). We rely upon the State Treasurer's testimony in the hearings that led to the enactment of the 1996 amnesty statute, N.J.S.A. 54:53-17, testimony incorporated into statements of the Legislative committee that reviewed the legislation: "the bill's penalties will not be applied to deficiencies assessed pursuant to a

5

question of law or fact uncovered through routine audits of taxpayers otherwise in compliance with filing and payment requirements of State taxes." Assembly Appropriations Comm. Statement to Assembly Comm. Substitute for Assembly Bill No. 1420 (Feb. 5, 1996); see also Senate Budget & Appropriations Comm. Statement to Senate Comm. Substitute for Senate Bill No. 675 (Feb. 15, 1996).[1]

Guided by the legislative history, we concur with the Tax Court and the Appellate Division that N.J.S.A. 54:53-17 and -18 were not intended to authorize or mandate a tax amnesty penalty in the setting of this case. As the parties agree, and as the Tax Court found, plaintiffs timely filed their corporate tax returns and paid the taxes reported to be due in those returns. United Parcel Serv. Gen. Servs. Co., supra, 25 N.J. Tax at 53. Further, as the parties agree, and as the Tax Court found, the Division discovered the bases for its assessments against plaintiffs during an audit of plaintiffs' tax returns. Ibid.

---

[1] We acknowledge that the State Treasurer did not provide analogous testimony during the legislative hearings that led to the 2002 amnesty statute, N.J.S.A. 54:53-18, but note that the language of the penalty provisions of N.J.S.A. 54:53-17 and N.J.S.A. 54:53-18 is identical, and that no contrary statement was made during the hearings that led to the 2002 tax amnesty statute. Assembly Appropriations Comm. Statement to Assembly Comm. for Assembly Bill No. 2001 (Mar. 4, 2002) (substituted by S16/404); Senate Budget and Appropriations Comm. Statement to Senate Comm. Substitute for Senate Bill Nos. 16 and 404 (Feb. 21, 2002).

Accordingly, we concur with the Tax Court's conclusion, affirmed by the Appellate Division, that the Division improperly assessed tax amnesty penalties on plaintiffs pursuant to N.J.S.A. 54:53-17 and -18.

The judgment of the Appellate Division is affirmed.

CHIEF JUSTICE RABNER and JUSTICES LaVECCHIA, ALBIN, PATTERSON, FERNANDEZ-VINA, and SOLOMON join in this opinion. JUDGE CUFF (temporarily assigned) did not participate.

SUPREME COURT OF NEW JERSEY

NO. _A-16/17_             SEPTEMBER TERM 2013

ON CERTIFICATION TO _____Appellate Division, Superior Court_____

UNITED PARCEL SERVICE GENERAL
SERVICES CO.; UNITED PARCEL SERVICE
CO.; UPS TELECOMMUNICATIONS, INC.;
UPS WORLDWIDE FORWARDING INC.; UPS
WORLDWIDE FORWARDING INC., as
Successor in Interest to UPS AIR
FORWARDING, INC.,

        Plaintiffs-Respondents
        and Cross-Appellants,

           v.

DIRECTOR, DIVISION OF
TAXATION,

        Defendant-Appellant
        and Cross-Respondent.

DECIDED         December 4, 2014
          Chief Justice Rabner       PRESIDING
OPINION BY         Per Curiam
CONCURRING/DISSENTING OPINIONS BY _____
DISSENTING OPINION BY _____

| CHECKLIST | AFFIRM | |
|---|---|---|
| CHIEF JUSTICE RABNER | X | |
| JUSTICE LaVECCHIA | X | |
| JUSTICE ALBIN | X | |
| JUSTICE PATTERSON | X | |
| JUSTICE FERNANDEZ-VINA | X | |
| JUSTICE SOLOMON | X | |
| JUDGE CUFF (t/a) | ------------------------- | --------------------- |
| TOTALS | 6 | |

1