**UNITED STATES of America,
Plaintiff,**

v.

**Raul A. MORALES–GUANILL,
et al., Defendants.**

**Crim. No. 12–215 (DRD).**

United States District Court,
D. Puerto Rico.

Signed Jan. 5, 2015.

Dina Avila–Jimenez, United States Attorneys Office, District of Puerto Rico, San Juan, PR, for Plaintiff.

### OPINION AND ORDER

DANIEL R. DOMINGUEZ, District Judge.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On September 24, 2012, the Grand Jury handed down a fifteen count *Superseding Indictment* (Docket No. 106) against four defendants in the instant case alleging conspiracy to commit bank fraud, making false statements to financial institutions, conspiracy to launder money, and engaging in monetary transactions in property derived from specified unlawful activity.

On August 11, 2014, Defendant Raul A. Morales–Guanill ("Morales–Guanill") filed a *Motion for Severance* (Docket No. 336) seeking to sever his trial from that of co-defendant Rafael Pina–Nieves ("Pina–Nieves"). Morales–Guanill argues that he and Pina–Nieves have such mutually antagonistic or irreconcilable defenses that a jury will have no choice but to accept one party's defense and convict the other. Morales–Guanill likened a joint trial to a "war zone," where both co-defendants will "rip each [other's] defenses apart." *Id.* at 24.

On August 12, 2014, Defendant Pina–Nieves also filed a *Motion to Sever* (Docket No. 340) stressing that the difference between his and Morales–Guanill's defense is "so great that a jury would have to believe one defendant at the expense of another." Docket No. 340, at 11 (quoting *United States v. Yefsky,* 994 F.2d 885, 897 (1st Cir.1993)). Defendant Pina–Nieves emphasizes that the presence of a "second prosecutor" in the form of an aggressive defense counsel will allow the government "to sit back and watch each co-defendant play prosecutor against the other, then stand up and simply argue that neither defense theory has survived their co-defendant's attack, and finally submit that instead the government's theory has risen as the only reasonable, unscathed, and authentic interpretation of the evidence." *Id.* at 13–14.

The Court referred the instant motions to Magistrate Judge Silvia Carreño–Coll (Docket No. 344), who entered her *Report and Recommendation* (Docket No. 370) on October 6, 2014. In the Magistrate Judge's *Report and Recommendation,* the Judge recommended that both motions to sever be denied. The Magistrate Judge found that, notwithstanding the Defendants' irreconcilable defenses,[1] no specific

---

1. The Magistrate concluded that each defendant "will argue that a conspiracy to defraud did exist, that the movant himself is an innocent third party, and that the perpetrator[s] were Sierra and the other movant. Especially because both will argue that the conspiracy

trial rights of the Defendants were being affected by their joinder. Docket No. 370, at 17. In coming to her determination, the Magistrate Judge noted that First Circuit case law post-*Zafiro* should be understood as dicta, highlighting that every Court of Appeals other that the First and Fourth Circuits have explicitly held that mutual antagonism does not require severance post-*Zafiro*. *Id.* at 8–16.

## II. ANALYSIS

 "The general rule is that those indicted together are tried together to prevent inconsistent verdicts and to conserve judicial and prosecutorial resources." *United States v. Soto–Beníquez*, 356 F.3d 1, 29 (1st Cir.2004); *see United States v. Maryea*, 704 F.3d 55, 64 (1st Cir.2013) (emphasizing the utility of joint trials in cases were the defendants are charged with a single conspiracy "so that the government could be expected to recite a single factual history, put on a single array of evidence, and call a single group of witnesses.")(internal citations and quotations omitted). However, "[i]f the joinder of offenses or defendants in an indictment ... or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed.R.Crim.P. 14(a) ("Rule 14"). Nevertheless, Rule 14 does not mandate severance even if prejudice is shown by the defendant, but rather "leaves the tailoring of the relief to be granted, if any, to the district court's discretion." *See Zafiro v. United States*, 506 U.S. 534, 538–39, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993).

In *Zafiro*, the U.S. Supreme Court explained that district courts should only grant a severance request if "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539, 113 S.Ct. 933. The Court also noted that mutually antagonistic defenses for severance purposes are not prejudicial *per se*, and concluded that any prejudice that may ensue could be cured with proper jury instruction, as "juries are presumed to follow their instruction." *Id.* at 539–541, 113 S.Ct. 933 (quoting *Richardson v. Marsh*, 481 U.S. 200, 211, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987)). In so noting, the Court emphasized that members of the jury are instructed that the burden of proving beyond a reasonable doubt the guilt of a specific defendant falls squarely on the government. Additionally, the *Zafiro* Court determined that defendants did not have mutually antagonistic defenses, as the government argued, from the inception, that all four defendants were guilty of the conspiracy. Thus, defendants were not entitled to severance simply because they had a better chance of being acquitted if tried separately. *Id.* at 540, 113 S.Ct. 933.

Nevertheless, the First Circuit Court of Appeals has repeatedly asserted post-*Zafiro* that "antagonistic defenses only require severance if the tensions between the defenses are so great that the finder of fact would have to believe one defendant at the expense of the other." *United States v. Rose*, 104 F.3d 1408, 1415 (1st Cir.1997) (citing *United States v. Smith*, 46 F.3d 1223, 1230 (1st Cir.1995), cert. denied, 516 U.S. 864, 116 S.Ct. 176, 133 L.Ed.2d 116 (1995)); *United States v. Floyd*, 740 F.3d 22, 37 (1st Cir.2014). Thus, sharply antagonistic defense theories, as is the case of

---

did exist, and that it involved Sierra, there is a fundamental irreconcilability between their

defenses." Docket No. 370, at 16.

mere tattling or finger pointing between the defendants, do not necessarily require severance. *See Smith*, 46 F.3d at 1230; *United States v. Tiem Trinh*, 665 F.3d 1, 19 (1st Cir.2011) ("Mere fingerpointing among codefendants—i.e., the familiar 'he did it, not I' defense—normally is not a sufficient ground for severance.")(internal citations omitted). Further, defendants are not entitled to severance simply because they may have a better chance of being acquitted if tried separately. *See Zafiro*, 506 U.S. at 540, 113 S.Ct. 933.

In the *Report and Recommendation*, the Magistrate Judge determined that the standard for granting motions to sever enumerated by the First Circuit does not conform to the standard set forth by the Supreme Court in *Zafiro*. *See* Docket No. 370, at 10–12. According to the Magistrate Judge, the holding in *Zafiro* requires an additional showing of prejudice in situations where a defendant is seeking severance on the basis of mutually antagonistic defenses. *Id.* Thus, First Circuit precedent mandating severance in cases where the jury would be compelled to convict a defendant at the expense of another defendant's defense strategy, absent an additional showing of prejudice, is incorrect. Further, the Magistrate Judge suggests that First Circuit decisions post-*Zafiro* should be understood as dicta, emphasizing that the First Circuit has never found that any appellants' defenses were in fact mutually antagonistic. *Id.* at 13–14. We respectfully disagree.[2]

In *Zafiro*, the Supreme Court determined that severance should only be granted "if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*,

506 U.S. at 539, 113 S.Ct. 933. The Court interprets First Circuit precedent to mean that a jury is precluded from making a reliable judgment about guilt or innocence, as mandated by *Zafiro*, in cases where the tensions between the defenses are so great that the finder of fact would have to believe one defendant at the expense of the other. In these limited instances, a specific trial right of one of the defendants need not be compromised. Further, the Court understands that First Circuit precedent post-*Zafiro* should not be understood as dicta, as the fact that no appellant has successfully challenged a denial of a motion to sever based on mutually antagonistic defenses does not mean that Court has not strongly considered all of the parties' arguments. *See Rose*, 104 F.3d at 1415; *Smith*, 46 F.3d at 1230; *Floyd*, 740 F.3d at 36–37; *United States v. Pena–Lora*, 225 F.3d 17, 32–35 (1st Cir.2000).

■■■ "In deciding on a motion for severance, the district court has a duty to weigh the prejudice resulting from a joint trial of codefendants against the expense and inconvenience of separate trials." *United States v. Small*, 423 F.3d 1164, 1181 (10th Cir.2005), cert. denied, 546 U.S. 1190, 126 S.Ct. 1377, 164 L.Ed.2d 84 (2006) (internal quotations and citations omitted); *see United States v. Blankenship*, 382 F.3d 1110, 1120 (11th Cir.2004) (same); *United States v. Solis*, 299 F.3d 420, 441–42 (5th Cir.2002) (same). After balancing the prejudice resulting from a joint trial against the expense and inconvenience of separate trials, the Court agrees with the Magistrate Judge's determination that severance is unwarranted, as the tensions between Raul A. Morales–Guanill and Rafael Pina–Nieves' defenses are not so great that the jury would have to believe one

---

**2.** The Court commends the Magistrate Judge for her particularly scholar, thorough, and first-rate *Report and Recommendation.*

defendant at the expense of the other. We explain.

At the outset, the Court accentuates that the United States opposes severance in the case at bar, arguing that the indictment charges a single conspiracy amongst all of the Defendants to defraud Doral Bank. It is the United States' contention that it will prove at trial that all four of the individuals indicted unjustly enriched themselves at the expense of Doral Bank by utilizing false and fraudulent documentation in order to obtain a mortgage on a property listed at $4,100,000.00. Thus, if all of the facts alleged in the indictment are proven by the government at trial beyond a reasonable doubt, the jury may very well find both Raul A. Morales–Guanill and Rafael. Pina–Nieves guilty regardless of their defense theories as both individuals are accused of partaking in a conspiracy.

Both Raul A. Morales–Guanill and Rafael Pina–Nieves aver that the other was part of a conspiracy, yet both stress that they had no knowledge of the conspiracy's existence before being indicted. They argue that the government's evidence will demonstrate that the other was part of the conspiracy and that the "spillover" resulting from that evidence will lead the jury to find all of the Defendants guilty by association. As a result, each co-defendant will have no choice but to defend itself at trial by arguing that the evidence presented by the United States shows that the other co-defendants, and not it, was part of the conspiracy.

"Spillover" arguments, particularly in conspiracy cases, where almost all of the evidence is relevant to all of the alleged co-conspirators, are normally insufficient to prove "prejudice so pervasive that a miscarriage of justice" would occur shall severance not be granted. *United States v. LiCausi*, 167 F.3d 36, 49 (1st Cir.1999) (internal citations and quotations omitted)

("[S]ince all three defendants were charged as coconspirators, almost all of the evidence relating to other defendants was relevant to, and therefore independently admissible in the prosecution's case against Fogerty. As we have said, this circumstance precludes a spillover argument."). As the Magistrate Judge correctly noted, "neither movant has pointed to any specific evidence that would not be admissible again him were he tried separately. Thus, their spillover arguments are without force." Docket No. 370, at 18.

Regardless, any potential prejudice that may ensue as a result of the Defendants' conflicting defenses can be easily cured using special jury instructions. In *Zafiro*, the Supreme Court stressed that the risk of prejudice resulting from mutually antagonistic defenses could be easily cured with proper jury instruction, emphasizing that "juries are presumed to follow their instructions." *Zafiro*, 506 U.S. at 540–41, 113 S.Ct. 933; *United States v. Ramirez*, 426 F.3d 1344, 1352 (11th Cir.2005) (holding that the district court properly denied a motion to sever where the defendant failed to demonstrate that the limiting instructions given to the jury were ineffective); *United States v. Voigt*, 89 F.3d 1050 (3rd Cir.1996) (jury instructions explaining that the jury must consider each defendant's participation in the counts charged individually, that the burden of proof was always on the prosecution, and that opening and closing statements were not evidence were sufficient to cure any prejudice arising from antagonistic defenses), cert. denied, 519 U.S. 1047, 117 S.Ct. 623, 136 L.Ed.2d 546 (1996). As the Supreme Court meritoriously explained, the burden of proving a defendant's guilt or innocence is on the government; thus, a jury instruction explaining to the jury that it must "give separate consideration to each individual defendant and to each separate charge against him" will suffice to cure

any possibility of prejudice. *Id.* In other words, the government must prove its case against each defendant, and the jury may not convict a defendant on the basis of the evidence presented by another co-defendant.

Lastly, Defendants posit that the case at bar raises the possibility of prejudice ensuing if one defendant decides to testify and the other does not, and the testifying defendant's attorney opts to mention his client's willingness to testify, or his co-defendant's refusal, during closing arguments. This issue first arose in *De Luna v. United States,* 308 F.2d 140 (5th Cir. 1962). Therein, the Fifth Circuit held that in such a situation the non-testifying co-defendant has a "right to silence free from prejudicial comments, even when they come only from a co-defendant's attorney." *Id.* at 141. However, the Court went a step further when it stated that severance is warranted when "an attorney's duty to his client should require him to draw the jury's attention to the possible inference of guilt from a co-defendant's silence." *Id.*

The First Circuit has examined the Fifth Circuit's decision in *De Luna* several times without ever fully endorsing its holding. *See Varela Cartagena v. United States,* 397 F.2d 278, 280 (1st Cir.1968) ("The privilege against self-incrimination of a co-defendant who does not choose to testify does not go so far as to deprive one who does so choose of effective argument in his behalf, so long as it is, as it was here, sensitive to the rights of others."); *United States v. Bonfant,* 851 F.2d 12, 15 n. 2 (1st Cir.1988). Although the First Circuit has cautioned that the "right to comment upon one's own testimony may clash with a codefendant's right to not have his or her silence referred to by other parties at trial," it has never specifically supported or rejected the notion that a co-defendant has a right to comment upon the defendant's silence.

Absent guidance from the First Circuit, the Magistrate Judge recommended adopting the stance outlined by the Sixth and Tenth Circuits, both of which have concluded that a defendant does not have a right to comment on his co-defendant's silence. *See United States v. Causey,* 834 F.2d 1277, 1287 (6th Cir. 1987); *United States v. McClure,* 734 F.2d 484, 490 (10th Cir.1984). We concur. A defendant's right not to testify at trial is absolute. Thus, a co-defendant shall be precluded from arguing to the trier of fact that another defendant is guilty as charged simply because said defendant accorded himself of his constitutional right not to testify.

### III. CONCLUSION

For the reasons elucidated in the instant *Opinion and Order,* the Court hereby **ADOPTS** the conclusions contained in the Magistrate Judge's *Report and Recommendation* (Docket No. 370). Accordingly, Defendants' *Motions for Severance* (Docket Nos. 336 and 340) are hereby **DENIED.**

**IT IS SO ORDERED.**